**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Oumar K.,[1]

                    Petitioner,                         Case No. 25-cv-3939 (ECT/LIB)

        v.

                                                        **REPORT AND RECOMMENDATION**

United States of America,

                    Respondent.

---

Pursuant to a referral made in accordance with 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon Petitioner Oumar K.'s Petition for a writ of habeas corpus. [Docket No. 1]. Finding no hearing necessary, the Court issues the present Report and Recommendation.[2]

Petitioner, who at the time he initiated this action was in the custody of Immigration and Customs Enforcement (hereinafter "ICE"), filed a petition for a writ of habeas corpus (hereinafter the "Petition") challenging the legality of his detention by ICE pending his removal from the United States. (See Petition [Docket No. 1]). Petitioner seeks release from custody pending his removal to the Republic of the Congo. (Id. at 7).

Since the filing of his Petition, however, Petitioner has been removed from the United States. (Letter [Docket No. 8]). Because Petitioner has been removed from the United States to the Republic of the Congo, this matter has become moot.

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in immigration opinions such as the present Report and Recommendation. See, e.g., Yee S. v. Bondi, No. 25-cv-2782 (JMB/DLM), 2025 WL 2879479, at *1 n.1 (D. Minn. Oct. 9, 2025); Sarail A. v. Bondi, No. 25-cv-2144 (ECT/JFD), 2025 WL 2533673, at *1 n.1 (D. Minn. Sept. 3, 2025). Accordingly, where the Court refers to Petitioner by his name, only his first name and last initial are provided.

[2] Upon review of the present record, the Court finds that a hearing is unnecessary in this action because the relevant facts are not in dispute and because a hearing on the Petitioner's claim would not aid the Court in its consideration of the present Petition. See Wallace v. Lockhart, 701 F.2d 719, 730 (8th Cir. 1983).

Accordingly, for the reasons discussed herein, the undersigned recommends that Oumar K.'s Petition for writ of habeas corpus, [Docket No. 1], be **DENIED without prejudice as moot**.

## I.    Background

Petition is a native of the Republic of the Congo. (Campbell Dec. [Docket No. 6] ¶ 5). On June 10, 2002, Petitioner entered the United States using fraudulent documents. (Id.). On July 1, 2003, ICE issued to Petitioner a Notice to Appear charging Petitioner as removable. (Id. ¶ 6). On April 7, 2005, an immigration judge ordered Petitioner removed from the United States to the Republic of the Congo. (Id.; Removal Order [Docket No. 6-1]). Petitioner does not appear to have been detained during his removal proceedings. (See Campbell Dec. [Docket No. 6]; Removal Order [Docket No. 6-1])

Immigration and Customs Enforcement failed to take steps to effectuate Petitioner's removal for several years. However, on November 6, 2012, ICE officers arrested Petitioner to effectuate his removal. (Campbell Dec. [Docket No. 6] ¶ 8). On December 10, 2012, ICE officials requested a travel document for Petitioner from the Embassy of the Republic of the Congo, but that request was denied. (Id. ¶¶ 9–10). Petitioner was released from ICE custody subject to conditions on November 14, 2013. (Id. ¶ 11).

On April 1, 2025, ICE officers arrested Petitioner and served him with a Notice of Revocation of Release. (Id. ¶ 12). On April 9, 2025, ICE requested a travel document for Petitioner from the Embassy of the Republic of the Congo, and ICE received the requested travel document on May 21, 2025. (Id. ¶¶ 13–14). On June 25, 2025, ICE attempted to repatriate Petitioner to the Republic of the Congo, but he refused to cooperate in that removal. (Id. ¶ 15). Petitioner was subsequently served with Failure to Comply paperwork and an I-229(a) form

outlining his obligation to comply with removal efforts. (Id. ¶¶ 16–17). On August 18, 2025, Petitioner's travel documents expired without Petitioner having been removed from the United States. (Id. ¶ 18). After the expiration of that travel document, ICE requested a second travel document, and ICE received that second travel document on October 20, 2025. (Id. ¶ 21). ICE officials scheduled Petitioner to be removed to the Republic of the Congo on November 20, 2025. (Id.).

On October 14, 2025, Petitioner initiated the present habeas action. (Petition [Docket No. 1]). Through the present action, Petitioner challenges the legality of his detention pending removal. (Id.). Petitioner challenges the initial revocation of his supervised release and argues that his continued detention violates his constitutional right to due process.

On November 20, 2025, Petitioner was removed from the United States. (Respondent's Letter [Docket No. 8]).

## II.    Discussion

Through the present action, Petitioner challenges his continued detention pending removal. (See Petition [Docket No. 1]). In support of this challenge, Petitioner argues that ICE improperly revoked his supervised release and that his continued detention violates his due process rights. (See Id.). Petitioner does not challenge his order of removal or argue that he is not removable. (See Id.). As relief, Petitioner seeks an Order of this Court requiring ICE to release Petitioner from detention pending his removal from the United States. (See Id.).

Before the Court considers the underlying merits of the present Petition, the Court must first, in light of Petitioner's removal from the United States, ensure that the present Petition has not become moot since the time Petitioner initiated this action. The issue of mootness must be resolved before the Court may reach the merits of Petitioner's claim.

Article III of the United States Constitution allows Federal Courts to adjudicate only actual, ongoing cases or controversies. See Am. United for Separation of Church and State v. Prison Fellowship Ministries, 509 F.3d 406, 420–21 (8th Cir. 2007); Powell v. McCormack, 395 U.S. 486, 497 (1969); Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086 (2011). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate," and "[w]hen an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003) (quotations omitted); see Roberts v. Norris, 415 F.3d 816, 819 (8th Cir. 2005); Arizonans for Official English v. Arizona, 520 U.S. 43, 45 (1997).

The ongoing case-or-controversy requirement is no longer met if an event occurs, during the course of the proceedings, which precludes the Court from granting any meaningful relief to the party who initiated the action. See In re Sec. Life Ins. Co. of Am., 228 F.3d 865, 869–70 (8th Cir. 2000) (citing In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir. 1996)). Put differently, if it becomes impossible for the Court to provide any further redress for the claims that have been raised, the case must be dismissed as moot. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990).

As set forth above, Respondent asserts that Petitioner has been removed from the United States. Petitioner has not submitted any evidence or argument to dispute Respondent's assertion that he has been removed from the United States to the Republic of the Congo.

Petitioner's removal from the United States leaves nothing for the Court to grant as relief in the present habeas Petition which renders the Petition moot. Guillermo J.C. v. Garland, No. 21-cv-1334 (MJD/LIB), 2021 WL 5654894, at *3–5 (D. Minn. Nov. 2, 2021), report and recommendation adopted, 2021 WL 5647817 (D. Minn. Dec. 1, 2021). Petitioner "is no longer in

4

the custody of the U.S. Immigration and Customs Enforcement (ICE), and as a result, the Court cannot order his release. Any such order would be ineffectual, and therefore [Petitioner's] habeas petition is moot." See, e.g., Sirlef v. Secretary, 17-cv-4126 (DSD/HB), 2018 WL 3407697, at *1 (D. Minn. June 19, 2018) (collecting cases), report and recommendation adopted, 2018 WL 3404154 (D. Minn. July 12, 2018); Morley v. Trump, No. 25-cv-1580 (KMM/JFD), 2025 WL 1757639, at *2 (D. Minn. June 25, 2025).

Nothing about Petitioner's current situation would change with a finding that he had previously been detained for an unlawful length of time or that ICE had improperly revoked his supervised release. Put differently, even if the Court were to determine that ICE had previously violated Petitioner's due process right, Petitioner would still be in the same situation in which he finds himself now. "This is the very definition of mootness." Kargbo v. Brott, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (citing Already, LLC v. Nike, Inc., 568 U.S. 85, 90–91 (2013)); Jones v. Vaught, No. 25-cv-3626 (PJS/DLM), 2025 WL 3906308, at *2 (D. Minn. Sept. 26, 2025), report and recommendation adopted, 2025 WL 3687976 (D. Minn. Dec. 19, 2025).

However, even when a petitioner's removal renders moot his challenge to the legality of his prior detention, that alone does not always automatically result in the dismissal of the petitioner's habeas action. See, e.g., Guillermo J.C., 2021 WL 5654894, at *3 (citing Mohamed v. Lynch, No. 15-cv-2726 (JRT/LIB), 2016 WL 563164, *3 (D. Minn. Jan. 26, 2016), report and recommendation adopted, 2016 WL 593512 (D. Minn. Feb. 12, 2016); Sayonkon v. Beniecke, No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, *2 (D. Minn. Apr. 17, 2012), report and recommendation adopted, 2012 WL 1622545 (D. Minn. May 9, 2012)). Instead, the question of whether dismissal of the petition is appropriate after the petition becomes moot upon the

petitioner's removal depends on whether any of the potential exceptions to the mootness doctrine may apply. Guillermo J.C., 2021 WL 5654894, at *3 (citing Mohamed, 2016 WL 563164, at *3).

> Under these exceptions, the Petition should not be dismissed as moot if: (1) secondary or collateral injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

J.C., 2021 WL 5654894, at *3 (citing Mohamed, 2016 WL 563164, at *3).

The Court finds that none of these exceptions apply here. As this Court has previously and consistently held, the collateral-injuries exception does not apply when the legal challenge was rendered moot as a result of effectuating the final order of removal. See Abdi H. v. Sec'y, Dep't of Homeland Sec., No. 20-cv-2140 (MJD/ECW), 2021 WL 1026742, at *2 (D. Minn. Feb. 16, 2021) (citing Ahmed v. Sessions, No. 16-cv-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017), report and recommendation adopted, 2017 WL 3268176 (D. Minn. July 31, 2017)), report and recommendation adopted, 2021 WL 1022588 (D. Minn. Mar. 17, 2021). This is exactly the circumstance here. The present action is moot because the final order of removal has been effectuated. Thus, the collateral-injuries exception does not apply.

Moreover, none of the other exceptions to the mootness doctrine apply to the present case. For instance, it is unlikely that the exact scenario underlying Petitioner's claim could repeat itself as Petitioner has been removed from the United States. Even if he returned to the United States and was again placed in ICE's custody, "it would be under a new set of circumstances and facts and, consequently," it is "impossible for the government to repeat the *same* unlawful conduct that" Petitioner challenges in this case. Abdi H., 2021 WL 1026742, at *2 (emphasis in Abdi) (quoting Kargbo, 2016 WL 3676162, at *2). Likewise, there is no indication that ICE

6

removed Petitioner from the United States to evade judicial review,[3] and this matter has not been certified as a class action. Accordingly, the Court finds that this case is moot, and no exception to the mootness doctrine applies.

As the present Petition is now moot and no exception to the mootness doctrine applies, the Court will not consider the underlying merits of Petitioner's claim nor render any opinion on that claim as any "[s]uch opinion would be merely advisory and is not permitted under Article III." Hector C. v. Immigr. & Customs Enf't, No. 20-cv-1914 (SRN/LIB), 2021 WL 1725060, at *4 (D. Minn. Apr. 16, 2021) (alteration in Hector C.) (quoting Walton v. Holinka, No. 7-cv-2121 (MJD/FLN), 2008 WL 495523, at *1 (D. Minn. Feb. 21, 2008)), report and recommendation adopted, 2021 WL 1723745 (D. Minn. Apr. 30, 2021).[4] "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Doe v. Nixon, 716 F.3d 1041, 1051 (8th Cir. 2013) (alteration in Doe).

III.    Conclusion

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Oumar K.'s Petition for a writ of habeas corpus, [Docket No. 1], be **DENIED without prejudice as moot**.

Dated: April 22, 2026                                s/Leo I. Brisbois
                                                     Hon. Leo I. Brisbois
                                                     U.S. MAGISTRATE JUDGE

---

[3] Indeed, ICE attempted to remove Petitioner from the United States to the Republic of the Congo well before Petitioner initiated this action, and the sole reason Petitioner was not removed at that time was Petitioner's refusal to cooperate in that removal. (See Campbell Dec. [Docket No. 6] ¶¶ 12–17).

[4] The Court likewise does not consider the merits of Respondent's arguments. The present recommendation to deny Oumar K's Petition as moot does not in any way lend credence to the arguments Respondent initially raised in opposition to the Petition.

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition." A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).